

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-71,070-03

### EX PARTE STEPHEN DALE BARBEE, Applicant

## ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IN CAUSE NO. 1004856R IN THE 213TH DISTRICT COURT TARRANT COUNTY

*Per curiam.*  KELLER, P.J., dissents.

### O R D E R

Before the Court is Applicant's second subsequent post-conviction application for a writ of habeas corpus, filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071 § 5.[1]

On February 23, 2006, a jury convicted applicant of the offense of capital murder. Pursuant to the jury's answers to the special issues set forth in Article 37.071, the convicting

---

[1] Unless otherwise specified, all references to articles in this order refer to the Texas Code of Criminal Procedure.

court sentenced applicant to death. Article 37.071(e). This Court affirmed applicant's conviction and sentence on direct appeal. *Barbee v. State*, No. AP-75,359 (Tex. Crim. App. Dec. 10, 2008) (not designated for publication).

On November 4, 2008, applicant filed his initial post-conviction application for a writ of habeas corpus in the convicting court, raising four claims for habeas relief. In his second claim, applicant asserted that he was

> denied the assistance of counsel in violation of the Sixth and Fourteenth, Amendments of United States Constitution and Article I §§ 10 and 13 of the Texas Constitution and the requirements of [*United States v. Cronic*[2]] by the actions of trial counsel in confessing [Applicant's] guilt to the jury during closing argument without his client's knowledge [or] consent.

We adopted the convicting court's findings of fact and conclusions of law. Based on those findings and conclusions and our own review of the record, we denied habeas relief on all four of applicant's claims. *Ex parte Barbee*, No. WR-71,070-01 (Tex. Crim. App. Jan. 14, 2009) (per curiam) (not designated for publication).

Applicant filed his first subsequent application for a writ of habeas corpus in the convicting court on July 15, 2011, raising twenty-one claims for relief. Those claims included an actual-innocence claim (Claim One), an attorney-conflict-of-interest claim (Claim Two), and an allegation that "Trial Counsel Rendered Ineffective Assistance of Counsel at the Guilt/Innocence Portion of the Trial By Completely Abandoning Their Client" (Claim Four). Applicant divided Claim Four into four sub-allegations, only one of which is

---

[2] 466 U.S. 648 (1984).

relevant to his current sub-writ: "Claim Four(b): Abandonment of client and ineffective assistance of counsel for confessing their client's guilt without the client's permission." Following receipt and review of the claims applicant raised in that subsequent application, we determined that his second allegation (the attorney-conflict-of-interest claim) satisfied Article 11.071, Section 5(a). We accordingly remanded that claim to the convicting court for further consideration. *Ex parte Barbee*, No. WR-71,070-02 (Tex. Crim. App. Sept. 14, 2011) (per curiam) (not designated for publication). Upon that matter's return to this Court, we denied habeas relief on all of applicant's claims in a written order. *Ex parte Barbee*, WR-71,070-02 (Tex. Crim. App. May 8, 2013) (per curiam) (not designated for publication).

On May 14, 2018, the Supreme Court of the United States decided *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018). Therein, the Supreme Court held that "a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." *McCoy*, 138 S. Ct. at 1505.

On May 9, 2019, the convicting court set Applicant's execution for Wednesday, October 2, 2019. On August 6, 2019, Applicant filed his present subsequent application in the convicting court. Relying on *McCoy*, applicant raises one claim for relief, alleging that his "[trial] counsel improperly overrode [Applicant's] Sixth Amendment right to insist that counsel maintain his innocence, resulting in structural error that requires a new trial."

After reviewing applicant's current subsequent application, we have determined that

applicant's execution should be stayed and his case filed and set for an opinion. We additionally order briefing (or further briefing) on the following issues:

(1)     Has applicant shown that the legal basis for his current claim "was not recognized by or could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before [the] date" on which applicant filed a timely initial application or filed a previously-considered application?  *See* Art. 11.071,§ 5(d).  In other words, is *McCoy* "new law" for purposes of Article 11.071, Section 5(a)(1)?

(2)     Is *McCoy* retroactive to convictions that are already final upon direct review?

(3)     Assuming that *McCoy* is retroactive and constitutes "new law" for purposes of Article 11.071, Section 5(a)(1), has applicant made a prima facie case of structural error under *McCoy*?  In briefing whether applicant has made a prima facie case, the parties should address the following issues:

   (a)     Can a defendant who confesses his factual or legal guilt multiple times, even if he later recants those confessions, establish a prima facie case of structural error under *McCoy*?

   (b)     Must there be affirmative evidence in the trial record that a defendant objected to trial counsel's strategy to concede factual or legal guilt?  If the trial record is devoid of such evidence, may we consider evidence that emerged in habeas proceedings?

   (c)     Under *McCoy*, how broad is the meaning of "objectives of the defense"?

The parties shall file such briefing with this Court within thirty (30) days of the date of this order.

　　　　IT IS SO ORDERED THIS THE 23RD DAY OF SEPTEMBER, 2019.

Do Not Publish